# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT J. DEBERNARDIS, )
)
      Plaintiff, )
)
    v. )    CIVIL ACTION NO. 3:10-82
)    JUDGE KIM R. GIBSON
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the parties' cross-motions for summary judgment, which have been filed pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**, and the decision of the Commissioner of Social Security ("Commissioner") is **AFFIRMED**.

### II. JURISDICTION AND VENUE

Jurisdiction has been invoked pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides in Altoona, located in the Western District of Pennsylvania.

### III. PROCEDURAL AND FACTUAL BACKGROUND

On May 14, 2007, Plaintiff Scott J. DeBernardis ("Plaintiff") filed for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") benefits under Title XVI

1

of the Social Security Act, 42 U.S.C. § 401 *et seq.*, alleging that he had become disabled on December 31, 2004. (Doc. No. 6-2 at 16). Both claims were denied on October 11, 2007, and, on November 29, 2007, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* The hearing was conducted before ALJ Richard P. Gartner on September 16, 2009, who denied Plaintiff's application by decision dated September 30, 2009. *Id.* Because the Appeals Council denied Plaintiff's request for review on January 29, 2010, the ALJ's decision became the final determination of the Commissioner of Social Security ("Commissioner") in this matter. *Id.* at 1.

Plaintiff commenced the instant action on March 24, 2010, seeking judicial review of the Commissioner's decision. (Doc. No. 3). Both parties moved for summary judgment, (Doc. Nos. 13, 15), the issues have been fully briefed, (Doc. Nos. 14, 16), and the case is now ripe for disposition.

## IV. STANDARD OF REVIEW

A district court's review of the Commissioner's decision is "quite limited[.]" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). To wit, the Court "must uphold a final agency determination unless [it finds] that [the decision] is not supported by substantial evidence in the record." *Id.*; 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, as the United States Court of Appeals for the Third Circuit noted, "[o]verall,

2

the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

## V.    DISCUSSION/ARGUMENTS

Plaintiff raises several arguments in support of his motion for summary judgment. Specifically, he contends that the ALJ improperly: (1) concluded that Plaintiff did not meet one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 12.04-06; (2) weighed the opinion of Plaintiff's consultative examining psychologist; and (3) weighed Plaintiff's "learning disability." (Doc. 14 at 3-8). The Court will address each of these arguments in turn.

### A.    Listed Impairments – Third Step

#### 1.    Administrative Framework

Under the Social Security Act, a claimant seeking DIB or SSI payments must first demonstrate that he has a "disability." See *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). A "disability" is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Ramirez*, 372 F.3d at 550. A claimant is considered to be unable to engage in substantial gainful activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

The Social Security Administrative has promulgated a five-step process to determine

whether a claimant has a disability and is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920.

Pursuant to this process:

> First, the Commissioner must determine whether the claimant has engaged in substantial gainful activity since his alleged disability onset date. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the Commissioner next determines whether the claimant has an impairment or combination of impairments that is severe. Id. §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner considers whether the impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P (the "Listings") or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, the Commissioner proceeds to step four. Id. §§ 404.1520(d), 416.920(d). In step four, the Commissioner determines whether, despite the severe impairment, the claimant retains the residual functional capacity to perform his past relevant work. Id. §§ 404.1520(e), (f), 416.920(e), (f). The claimant bears the ultimate burden of establishing steps one through four. Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004). At step five, the burden of proof shifts to the Social Security Administration to show that the claimant is capable of performing other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and residual functional capacity. Id. at 551.

*Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007).

When challenging the ALJ's conclusion regarding the third step, the claimant bears the burden of proof. See *Davis v. Comm'r of Soc. Sec.*, 105 F. App'x 319, 323 (3d Cir. 2004); see also *Ramirez* 372 F.3d at 550. Specifically, "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Moreover, for a claimant to prove that his impairment is equivalent to a listing, he must "proffer medical findings which are equal in severity to *all* the criteria for the one most similar listed impairment." *Stremba v. Barnhart*, 171 F. App'x 936, 938 (3d Cir. 2006) (citing *Sullivan*, 493 U.S. at 530) (emphasis added). With this understanding, the Court will address Plaintiff's specific contentions.

4

## 2.    Listings 12.04, 12.05, and 12.06

In the instant matter, Plaintiff first asserts that the ALJ erred in the third step of the analysis because Plaintiff's impairments[1] "meet or approximate" Listings 12.04 (affective disorder)[2] and 12.06 (anxiety-related disorders)[3] "due to his major depression and intermittent explosive disorder[.]"[4] Plaintiff, however, provides no meaningful discussion on why or how. (See Doc. 14 at 5-7).[5] As the Third Circuit has explained, "[a]n impairment meets listing 12.04 when the criteria in paragraphs A and B are satisfied, or when the criteria in paragraph C are satisfied. An impairment meets listing 12.06 when the criteria in both A and B are satisfied, or when the criteria in both B and C are satisfied." *Meyler v. Comm'r of Soc. Sec.*, 238 F. App'x 884, 889 (3d Cir. 2007) (citations omitted). The court continued:

> Paragraph B criteria of listings 12.04 and 12.06 require at least two of the following:
> (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration,

---

[1] At the second step of his analysis, the ALJ concluded that Plaintiff has the following severe impairments: (1) attention deficit hyperactivity disorder ("ADHD"); (2) borderline intellectual functioning; and (3) depression. (Doc. 6-2 at 18). Plaintiff did not object to this conclusion. (See Doc. 14).

[2] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04.

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.06.

[4] It is curious that Plaintiff bases his argument in part on his "intermittent explosive disorder" as the record is utterly devoid of any mention of such a condition prior to the reference contained in Plaintiff's present brief, much less evidence sufficient to demonstrate that Plaintiff suffers from this condition.

[5] Plaintiff simply states that: (1) "[i]t is the undersigned's [sic] position that the claimant's testimony and the two hospital admissions substantiate . . . [Listing] 12.094 [sic] factors"; and (2) "[i]t is the undersigned's position that the evidence and testimony substantiate [Listing 12.06 factors][.]"

persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. Paragraph C of listing 12.04 requires demonstration of one of the following: (1) repeated and extended episodes of decompensation; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. Paragraph C of listing 12.06 requires that the disorder result in 'complete inability to function independently outside the area of one's home.'

*Id.* (citations omitted).

Presently, the ALJ expressly concluded that Plaintiff did not satisfy at least two of the Paragraph B requirements because he was only: (1) mildly limited in his activities of daily living and social functioning; (2) moderately limited in concentration, persistence, and pace; and (3) not suffering from repeated episodes of decompensation of an extended duration. (See Doc. 6-2 at 19-21). Moreover, the ALJ determined that Plaintiff presented "no evidence" to satisfy the Paragraph C requirements. (*Id.* at 21). Both of these conclusions are supported by substantial evidence.[6] Therefore, the Court upholds the ALJ's determination in this respect.

Plaintiff next contends that ALJ also erroneously concluded that his impairments did not meet the criteria of Listing 12.05 (mental retardation).[7] (Doc. 14 at 5). While Plaintiff concedes that his impairments "[do] not meet the requirements of listing 12.05[,]" he nevertheless contends that he "approximates same due to his borderline intellectual functioning and his ADHD[.]" *Id.* As

---

[6] The Court need not reiterate the entirety of the ALJ's well-reasoned discussion of the evidence of record, but the Court notes that the ALJ based his decision on various factors including: (1) Plaintiff's ability to care for his personal needs and live independently; (2) Plaintiff's self-reported social functioning; (3) Plaintiff's interaction with the ALJ and various officials throughout the proceedings; and (4) a consulting psychologist's opinion regarding Plaintiff's capabilities. (See Doc. 6-2 at 19-21). Such evidence clearly exceeds the substantial evidence threshold.

[7] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

the Third Circuit has explained, "[a]n IQ score of 70 or below is required in order for an impairment to meet [Listing 12.05]." *Frazier v. Comm'r of Soc. Sec.*, 240 F. App'x 495, 498 (3d Cir. 2007); see also *Davis*, 105 F. App'x at 323 (stating that the claimant must "show that she meets the requirements listed in subsections A, B, C, or D[,]" which all require, *inter alia*, an IQ score of 70 or below).

In his decision, the ALJ properly concluded that Plaintiff did not establish this criterion because Plaintiff scored above 70 on both of the IQ tests of record. (Doc. 6-2 at 19). The ALJ also properly concluded that Plaintiff's impairments did not equal—in Plaintiff's words "approximate"—the other pertinent subsections of Listing 12.05 beyond IQ. (See supra, Note 6). Thus, substantial evidence supports the ALJ's conclusion that: (1) the claimant's impairment did not meet each and every criterion necessary to demonstrate that his impairment matches a listing; and (2) the Plaintiff did not proffer sufficient medical evidence that his impairments equaled a listing in severity. See *Sullivan*, 493 U.S. at 530. The Court, therefore, upholds the ALJ's decision regarding Listing 12.05.

### B. Consultative Examining Psychologist's Opinion

Plaintiff next argues that the ALJ erred by discounting the testimony of Plaintiff's consultative examining psychologist ("CEP") regarding Plaintiff's limitations[8] and by crediting the conflicting opinion of Defendant's CEP. (See Doc. 14 at 4, 8). The Third Circuit has explained that "[l]imitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing

---

[8] Plaintiff's CEP opined that Plaintiff had marked limitations in his ability to understand and carry out short, simple instructions. (See Doc. 14 at 4).

evidence but 'cannot reject evidence for no reason or for the wrong reason[.]'" *Rutherford*, 399

F.3d at 554 (3d Cir. 2005); see also *Diaz v. Comm'r of Soc. Sec.*, 2011 U.S. App. LEXIS 15673 (3d

Cir. July 27, 2011) ("Limitations that are medically supported but are also contradicted by other

evidence in the record may or may not be found credible[.]").

Here, the ALJ credited the opinion of Defendant's CEP, who concluded that Plaintiff was

not significantly limited in his ability to understand and carry out short and simple instructions.

After thorough analysis, the ALJ determined that this opinion was consistent with other evidence of

record, namely Plaintiff's self-reported daily activities and the manner in which Plaintiff responded

to questions and conducted himself during the hearing. (See Doc. 6-2 at 19-20). The ALJ also

found the contradictory opinion of Plaintiff's CEP unpersuasive and unsupported by the evidence.

*Id.* The ALJ appropriately weighed the credibility of conflicting evidence. See *Rutherford v.*

*Barnhart*, 399 F.3d at 554. Thus, the Court upholds the ALJ's conclusion in this respect, which is

supported by substantial evidence.

## C. Plaintiff's "Learning Disability"

Finally, Plaintiff suggests that the ALJ failed "to give appropriateweight [sic] to [Plaintiff's]

learning disability[.]" (Doc. 14 at 3, 4).[9] Plaintiff does not provide support for, or elaborate upon,

this argument, nor does he even explain the term "learning disability." For purposes of discussion,

the Court will assume that Plaintiff intends to contest the ALJ's consideration of Plaintiff's ADHD

and borderline intellectual function. As discussed above at length, the ALJ's conclusions were

---

[9] The entirety of Plaintiff's discussion of the issue consists of Plaintiff suggesting that the following question should be answered affirmatively: "Whether the ALJ erred in failing to give appropriateweight [sic] to the claimant's learning disability? [sic]" (Doc. 14 at 3, 4).

supported by medical evidence of record, which he cited throughout his opinion. The ALJ also appropriately considered Plaintiff's cognitive and attention-based limitations in determining Plaintiff's residual functional capacity. (See Doc. 6-2 at 21).[10] Therefore, Plaintiff's contention lacks merit, and the Court upholds the ALJ's decision regarding Plaintiff's "learning disability" as supported by substantial evidence.

## VI.    CONCLUSION

The Commissioner's decision denying Plaintiff's application for DIB and SSI is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**, and the administrative decision of the Commissioner is **AFFIRMED**. The following Order will issue:

---

[10] The ALJ concluded that Plaintiff has the capacity to perform work at all exertional levels with the following nonexertional limitations: "[Plaintiff] is limited to simple, routine, repetitive tasks, not performed in a production or quota-based environment, involving only simple work-related decisions and, in general, relatively few work place changes. Additionally, the claimant is limited to jobs which require no prolonged reading for content and comprehension." (Doc. 6-2 at 21). These nonexertional limitations clearly reflect the ALJ's careful consideration of Plaintiff's cognitive and attention-based impairments.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SCOTT J. DEBERNARDIS, )
)
      Plaintiff, )
)
    v. )     CIVIL ACTION NO. 3:10-82
) JUDGE KIM R. GIBSON
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
)
      Defendant. )

## ORDER

AND NOW, this 6th day of September, 2011, this matter coming before the Court on the

Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary

Judgment (Doc. No. 15), **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary

Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**. In

accordance with the applicable provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), the decision of

the Commissioner of Social Security is hereby **AFFIRMED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**